**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**ALLENTOWN DIVISION**

| | | |
|---|---|---|
| HYDRAFACIAL LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 5:26-cv-06396 |
| | ) | |
| v. | ) | |
| | ) | |
| KYRASKIN LLC | ) | ***Electronically Filed*** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)**

Plaintiff, Hydrafacial LLC ("Hydrafacial"), by and through its undersigned counsel, hereby alleges the following for its Complaint against Defendant, Kyraskin LLC ("Kyraskin"), the same of which is necessary to stop Kyraskin from infringing and trading Hydrafacial's valuable trademarks and goodwill:

## JURISDICTION AND VENUE

1. Hydrafacial's claims arise under the Trademark Act of 1946 (the Lanham Act). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Kyraskin is registered to do business in this district, maintains a principal address in this district, transacts its business in this district and because events giving rise to the claims asserted arose in this district.

## PARTIES

3. Hydrafacial is a California limited liability company with its principal place of business at 3600 E. Burnett Street, Long Beach, CA 90815.

4. Kyraskin is a Pennsylvania limited liability company headquartered at 1040 S Cedar Crest Boulevard, Second Floor, Allentown, Pennsylvania 18103. Kyraskin offers, promotes, and sells services to customers in this judicial district using Hydrafacial's well-known HYDRAFACIAL® trademarks and highly similar derivatives of the HYDRAFACIAL® trademarks, without authorization.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### Hydrafacial's Business and HYDRAFACIAL Trademarks

5. Hydrafacial designs, develops, manufactures, and sells high-quality skin resurfacing and rejuvenation equipment and services, including patented hydradermabrasion equipment and services. Hydrafacial's award-winning treatment services rejuvenate skin by cleaning and exfoliating the skin surface, extracting debris from pores, and nourishing the skin's surface. Hydrafacial's high-quality therapeutic serums are used in connection with these treatments to moisturize and protect the skin surface.

6. Hydrafacial distinguishes and identifies its hydradermabrasion equipment and services, and related products with its HYDRAFACIAL trademarks. It does business under its "The Hydrafacial Company" and "Hydrafacial" tradenames.

7. Hydrafacial promotes and sells its HYDRAFACIAL-branded services and products throughout the United States and in Pennsylvania to end users, including dermatologists, plastic surgeons, cosmetic physicians, and aestheticians at medical spas. These end users provide hydradermabrasion services using authentic Hydrafacial systems and products, including serums, under the HYDRAFACIAL trademarks under license from Hydrafacial. This allows Hydrafacial

to ensure that services provided under its mark are performed with products that meet Hydrafacial's standard for quality and that, accordingly, the treatment itself meets Hydrafacial's quality standard. Spas, dermatology clinics, and other professional providers, as well as their clients, recognize and rely on the HYDRAFACIAL® brand to guarantee high standards and quality.

8. For many years prior to the events giving rise to this Complaint and continuing to the present, Hydrafacial has spent great amounts of time, money, and effort advertising and promoting its products and services under its HYDRAFACIAL trademarks. Since at least 2005, Hydrafacial has extensively and continuously used its HYDRAFACIAL trademarks in connection with its hydradermabrasion systems, products, and services. Through its long, continuous, and exclusive use, investments, and large sales, Hydrafacial has created considerable goodwill and a reputation for high-quality products, systems, and technology.

9. Hydrafacial treatments offered under its HYDRAFACIAL trademarks have become very well-known in the industry. Hydrafacial and treatment services offered under its HYDRAFACIAL trademarks have been featured in numerous publications, including People Magazine, Elle Magazine, Allure, Elle Magazine's Beauty Book, and Harper's Bazaar Magazine, among others. In 2023, Hydrafacial won "Best Cosmetic Treatment" from the Cosmopolitan Readers' Choice Beauty Awards. In 2025, Hydrafacial won "Best Hydrating Facial" from the NewBeauty Beauty Awards, for the fourth year.

10. In 2025, approximately five million HYDRAFACIAL treatments were performed globally, equating to 1.5 treatments a second. Hydrafacial's success is backed by industry-leading consumer trust and satisfaction, ranking as the second most recognized brand in aesthetics in the

U.S., and responsible for driving 7% of all new patients to medical spas and aesthetic practices each year.

11. Hydrafacial owns federal registrations for its HYDRAFACIAL trademarks; all are in full force and effect, valid, protectable, and exclusively owned by Hydrafacial. Hydrafacial continuously has used each of its pertinent trademarks, from the registration date or earlier, until the present and during all time periods relevant to Hydrafacial's claims.

12. Hydrafacial owns, among others, the following United States Registrations for its trademarks. All of these registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

a. Registration No. 4,317,059 for HYDRAFACIAL (first use August 12, 2005; registered April 9, 2013);

b. Registration No. 4,738,970 for HYDRAFACIAL (first use May 17, 2005; registered May 19, 2015);

c. Registration No. 3,341,027 for HYDRAFACIAL MD (first use February 15, 2005; registered May 19, 2015);

d. Registration No. 4,738,971 for HYDRAFACIAL MD (first use May 17, 2005; registered May 19, 2015);

e. Registration No. 5,012,576 for HYDRAFACIAL MD CTGF (first use February 6, 2005; registered August 2, 2016);

f. Registration No. 6,080,194 for HYDRAFACIAL KERAVIVE (first use January 6, 2020; registered June 16, 2020); and

g. Registration No. 6,030,752 for HYDRAFACIAL KERAVIVE (first use January 6, 2020; registered April 7, 2020).

13. Hydrafacial's registered trademarks, together with its related common law trademarks, cover many goods and services, including medical spa services; medicated and non-medicated skin care preparations, such as skin lotions, skin nourishers, and skin cleansers; devices to perform microdermabrasion and hydradermabrasion procedures; retail and wholesale store services featuring cosmetic preparations for skin and scalp care; and teaching of beauty skills; amongst others (collectively referred to as "HYDRAFACIAL Marks").

14. Examples of Hydrafacial's use of its HYDRAFACIAL Marks are attached as **Exhibit A**.

**Kyraskin's Infringement of Hydrafacial's Trademarks**

15. Beginning at some time in the past and continuing until the present, Kyraskin has promoted and sold services that infringe the HYDRAFACIAL Marks.

16. Kyraskin is not a Hydrafacial licensee and Hydrafacial has not granted Kyraskin permission to use the HYDRAFACIAL Marks.

17. In competition with Hydrafacial's authorized licensees, Kyraskin offers hydradermabrasion treatments under the names "Hydrafacial" and "Hydrofacial," as well as "Hydro Facial Express," "Hydro Facial Deluxe," and "Hydro-Glacial" (collectively "Kyraskin Infringing Designations").

18. The Kyraskin Infringing Designations are exact copies or highly similar derivatives of, or include exact copies or highly similar derivatives of, the HYDRAFACIAL Marks. Kyraskin passes off its treatments as being connected to Hydrafacial, when that is not the case.

19. On May 7, 2025, Hydrafacial sent a letter to Kyraskin demanding that Kyraskin cease and desist from using the Kyraskin Infringing Designations.

20. Kyraskin failed to cease use of the Kyraskin Infringing Designations. Since May 7, 2025 Hydrafacial has contacted Kyraskin several times, addressing its continued, unauthorized use of the Kyraskin Infringing Designations. Kyraskin failed to rectify its infringement of the HYDRAFACIAL Marks.

21. Given the parties' prior correspondence, there is no question that Kyraskin has acted deliberately and with intent to misappropriate Hydrafacial's goodwill and reputation, and to cause great damage to Hydrafacial's HYDRAFACIAL Marks. Examples of Kyraskin's use of the Kyraskin Infringing Designations are attached to this Complaint as **Exhibit B**.

22. Hydrafacial is informed and believes that Kyraskin has provided a large quantity of treatment services to customers under the Kyraskin Infringing Designations and has obtained and continues to obtain substantial profits from these sales.

23. Kyraskin's actions have caused and will cause Hydrafacial irreparable harm for which money damages and other remedies are inadequate. Unless Kyraskin is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to Hydrafacial by, among other things:

a. Depriving Hydrafacial of its rights to use and control use of its trademarks;

b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing services and products;

c. Causing the public falsely to associate Hydrafacial with Kyraskin and/or its products, or services, or vice versa;

d. Causing incalculable and irreparable damage to Hydrafacial's goodwill, and eroding the capacity of its HYDRAFACIAL Marks to differentiate Hydrafacial's systems, products, and services from others;

e. Causing Hydrafacial to lose revenue; and

f. Causing Hydrafacial to lose sales of its genuine products and services.

24. Accordingly, in addition to other relief sought, Hydrafacial is entitled to injunctive relief against Kyraskin, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114; Lanham Act § 32)**

25. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26. Hydrafacial owns valid trademark registrations in its HYDRAFACIAL Marks, including at least incontestable U.S. Trademark Registration Nos. 4,317,059 and 4,738,970, amongst others.

27. Without Hydrafacial's permission, Kyraskin has used and currently uses, in connection with the sale, offering for sale, distribution, or advertising of its spa and treatment services, terms that infringe upon Hydrafacial's rights in its registered HYDRAFACIAL Marks.

28. These acts of trademark infringement are likely to cause confusion and mistake among consumers and the public, and to deceive the public into believing that Kyraskin's products and services originate from, are associated with, sponsored by, or are approved by Hydrafacial, when they are not.

29. Kyraskin's infringement has injured Hydrafacial and damaged Hydrafacial in an amount to be determined at trial. By its actions, Kyraskin has irreparably injured Hydrafacial.

Such irreparable injury will continue unless and until Kyraskin is preliminarily and permanently enjoined by this Court from further violation of Hydrafacial's rights, for which Hydrafacial has no adequate remedy at law.

30. As a direct and proximate result of Kyraskin's infringing activities, Hydrafacial is entitled to recover Kyraskin's unlawful profits, Hydrafacial's substantial damages, and costs under 15 U.S.C. § 1117(a).

31. Kyraskin's infringement of the HYDRAFACIAL Marks is an exceptional case and is willful and ongoing, entitling Hydrafacial to treble the amount of its damages and Kyraskin's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. §1125(a); Lanham Act § 43(a))**

32. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33. Kyraskin's use of the Kyraskin Infringing Designations in connection with offering services that overlap with services provided by Hydrafacial constitutes trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact—in violation of 15 U.S.C. § 1125(a). Kyraskin's conduct is likely to cause, contribute to, or induce others to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Kyraskin's products and services to the detriment of Hydrafacial and consumers and in violation of 15 U.S.C. § 1125(a).

34. As a direct and proximate result of Kyraskin's infringing activities, Hydrafacial is entitled to recover Kyraskin's unlawful profits, Hydrafacial's substantial damages, and costs, under 15 U.S.C. § 1117(a).

35. Kyraskin's infringement of the HYDRAFACIAL Marks is an exceptional case and is willful and ongoing, entitling Hydrafacial to treble the amount of its damages and profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a). By its actions, Kyraskin has irreparably injured Hydrafacial. Such irreparable injury will continue unless and until Kyraskin is preliminarily and permanently enjoined by this Court from further violation of Hydrafacial's rights, for which Hydrafacial has no adequate remedy at law.

36. Hydrafacial is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**
**COMMON LAW TRADEMARK INFRINGEMENT**

37. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38. Hydrafacial owns registered and common law rights in its HYDRAFACIAL Marks.

39. Kyraskin uses the Kyraskin Infringing Designations which are identical and/or highly similar to the HYDRAFACIAL Marks, in connection with offering services identical to those provided by Hydrafacial, without consent or authorization.

40. Kyraskin's willful infringement of the HYDRAFACIAL Marks is likely to cause, contribute to, or induce others to cause consumer confusion about the source of Kyraskin's services and/or products, or about a relationship between Kyraskin and Hydrafacial, in violation of Pennsylvania common law.

41. Kyraskin infringed the HYDRAFACIAL Marks with knowledge and intent to cause confusion, mistake, or deception.

42. Kyraskin's conduct is aggravated by the kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Hydrafacial for which Pennsylvania law

allows the imposition of exemplary damages, in addition to recovery of Hydrafacial's significant compensatory damages.

43. Hydrafacial is entitled to recover damages in an amount to be determined at trial, including actual damages suffered by Hydrafacial by reason of Kyraskin's use, display, and sale of infringing goods and services, and because Kyraskin's conduct was committed with knowledge and in bad faith, Hydrafacial is entitled to recover treble damages, costs, and reasonable attorneys' fees.

44. Hydrafacial has been and will continue to be irreparably damaged by Kyraskin's actions, cannot be adequately compensated for these injuries by monetary remedies alone, and has no adequate remedy at law for the unlawful conduct of Kyraskin. Hydrafacial is accordingly entitled to injunctive relief against Kyraskin.

**FOURTH CLAIM**
**COMMON LAW UNFAIR COMPETITION**

45. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 44 of this Complaint.

46. Kyraskin's conduct, as described in this Complaint, including its trademark infringement and false designation of origin, constitutes unfair competition under Pennsylvania common law.

47. Kyraskin's acts, as described in this Complaint, have injured and damaged Hydrafacial.

48. Hydrafacial is informed and believes, and thereon alleges, that Kyraskin has derived and received gains, profits, and advantages from its unfair competition in an amount that is not currently known to Hydrafacial. Moreover, Kyraskin's actions have damaged Hydrafacial in an amount to be determined at trial.

49. Hydrafacial is informed and believes, and thereon alleges, that Kyraskin undertook the acts alleged above willfully, for the purpose of enriching itself to Hydrafacial's detriment.

50. By its actions, Kyraskin has irreparably injured Hydrafacial. Such irreparable injury will continue unless and until Kyraskin is preliminarily and permanently enjoined by this Court from further violation of Hydrafacial's rights, for which Hydrafacial has no adequate remedy at law.

51. As a consequence of Kyraskin's actions, Hydrafacial is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Hydrafacial prays that this Court grant it the following relief:

1. Adjudge that the HYDRAFACIAL Marks have been infringed by Kyraskin in violation of Hydrafacial's rights under 15 U.S.C. § 1114 and/or Pennsylvania common law;

2. Adjudge that Kyraskin has competed unfairly with Hydrafacial in violation of Hydrafacial's rights under 15 U.S.C. § 1125(a) and/or Pennsylvania common law;

3. Adjudge that Kyraskin and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a. Adjudge that the HYDRAFACIAL Marks have been infringed by Kyraskin in violation of Hydrafacial's rights under 15 U.S.C. § 1114 and/or Pennsylvania common law;

   b. Adjudge that Kyraskin has competed unfairly with Hydrafacial in violation of Hydrafacial's rights under 15 U.S.C. § 1125(a) and/or Pennsylvania common law;

c. Adjudge that Kyraskin and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from (a) using any reproduction or colorable imitation of the HYDRAFACIAL Marks, and (b) engaging in any other conduct that suggests or tends to suggest to the public that Kyraskin is in any manner, directly or indirectly, affiliated, connected or associated with Hydrafacial or that Kyraskin's goods or commercial activities originate from or are sponsored or approved by Hydrafacial;

4. Adjudge that Kyraskin, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Hydrafacial's counsel a written report under oath setting forth in detail how it has complied with the judgment;

5. Adjudge that Hydrafacial recover from Kyraskin its damages and lost profits, plus Kyraskin's profits, in an amount to be proven at trial, as well as punitive damages, exemplary damages, and compensatory damages under federal and Pennsylvania common law;

6. Adjudge that Kyraskin be required to account for any profits that are attributable to its illegal acts, and that Hydrafacial be awarded from Kyraskin (1) Kyraskin's profits and (2) all damages sustained by Hydrafacial, under 15 U.S.C. § 1117, plus prejudgment interest;

7. Adjudge that the amounts awarded to Hydrafacial pursuant to 15 U.S.C. § 1117 shall be trebled;

8. Order an accounting of and impose a constructive trust on all of Kyraskin's funds and assets that arise out of its infringing activities;

9. Adjudge that Hydrafacial be awarded its costs and disbursements incurred in connection with this action, including Hydrafacial's reasonable attorneys' fees and investigative expenses; and

10. Adjudge that all such other relief be awarded to Hydrafacial as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Hydrafacial demands trial by jury on all issues triable as a matter of right at law.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: August 27, 2026

s/ *Kent E. Baldauf, Jr.*

Kent E. Baldauf, Jr. (PA ID No. 70793)
Cecilia R. Dickson (PA ID No. 89348)
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
cdickson@webblaw.com

*AND*

Amy S. Parigi (*PHV Forthcoming*)
Sophy J. Tabandeh (*PHV Forthcoming*)
**VERSO LAW GROUP LLP**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415.534.0495
415.518.5974 (fax)
amy.parigi@versolaw.com
sophy.tabandeh@versolaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August, 2026, I electronically filed the foregoing **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr.